U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
RECEIVED - SHREVEPORT
FEB 08 2008
ROBERT H. SHEMWELL, CLERK
BY _____ DEPUTY

UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF LOUISIANA

SHREVEPORT DIVISION

---

| | |
|---|---|
| UNITED STATES | |
| | CRIMINAL NO. 07-50072-04 |
| versus | |
| | JUDGE TOM STAGG |
| ALICIA A. DISON | |

---

## MEMORANDUM ORDER

Before the court is a "Motion For Defendant To Remain Free On Her Own Recognizance Pending Appeal" filed by the defendant, Alicia A. Dison ("Dison"). See Record Document 75.

On September 27, 2007, the defendant, along with her three co-defendants, pleaded guilty to conspiracy to make, pass, and utter counterfeit Federal Reserve Notes in violation of 18 U.S.C. § 371. On January 3, 2008, she subsequently was sentenced to fifteen (15) months imprisonment, which sentence is to begin on February 11, 2008. The defendant has filed a timely notice of appeal of her sentence to the Court of Appeals for the Fifth Circuit. In the instant motion, pursuant to 18 U.S.C. § 3143(b), she asks the court to allow her to remain free on her own recognizance pending disposition of her appeal by the Fifth Circuit.

In addressing the defendant's claim, the court first recognizes that a defendant

does not have a constitutional right to bail after being convicted and sentenced for an offense. See United States v. Williams, 822 F.2d 512, 517 (5th Cir. 1987). Moreover, 18 U.S.C. § 3143(b) establishes a presumption against granting a defendant bail after conviction and sentencing. See Id.

The Fifth Circuit has adopted the following four factors that a convicted defendant must establish to obtain release on bail pending appeal: "(1) that the defendant is not likely to flee or pose a danger to the safety of any other person or the community if released; (2) that the appeal is not for purpose of delay; (3) that the appeal raises a substantial question of law or fact; and (4) that if that substantial question is determined favorably to defendant on appeal, that decision is likely to result in reversal or an order for a new trial of all counts on which imprisonment has been imposed." United States v. Valera-Elizondo, 761 F.2d 1020, 1025 (5th Cir. 1985); see also United States v. Clark, 917 F.2d 177, 179 (5th Cir. 1990). For a defendant to prevail on such a motion, she has the burden of proving all four factors by clear and convincing evidence. See Williams, 822 F.2d at 517.

The Fifth Circuit has defined "substantial question" as one in which the issue presented "raise[s] a substantial doubt (not merely a fair doubt) as to the outcome of its resolution." Valera-Elizondo, 761 F.2d at 1024. Likewise, the Fifth Circuit defines "likely" as "more probable than not," meaning that to satisfy the fourth part of the test, the defendant must show that it is more likely than not that her sentence

in the district court will be reversed or that a new trial will be ordered. Id. at 1025. Absent a finding by the district court that a "substantial chance of reversal on appeal" exists, the fact that the other factors are met does not justify release of the defendant pending appeal. United States v. Mitchell, 30 F.3d 1493 at *4 (5th Cir. 1994).

The issue in this case is whether the defendant raises a substantial question of law in her appeal that would likely result in a reversal or an order for a new trial. The defendant argues that the court applied the wrong sentencing guideline in determining her base offense level. Specifically, she argues that it was error for the court to apply section 2B5.1 of the United States Sentencing Guidelines on manufacturing counterfeit bills instead of section 2B1.1 on "altering" bearer obligations of the United States because she merely dissolved the ink off legitimate Federal Reserve Notes and reprinted them in a higher denomination rather than creating the counterfeit bills in their entirety. In a memorandum ruling filed by the court is association with the sentencing hearings of the Dison and her co-defendants, the court explained its reasons for applying section 2B5.1. See Record Document 55. These include, among others, the fact that Application Note 2 of section 2B1.5 specifically states that section 2B1.5 "applies to counterfeiting of United States currency and coins" as well as the Introductory Commentary to section 2B1.1 which explains that section 2B1.1 applies to property offenses "other than offenses involving altered or counterfeit bearer obligations."

Although the defendant cites two cases, one each from the Seventh and Eleventh Circuit Courts of Appeal, in support of her opinion, the court again notes that such opinions are not binding on this court and that this court respectfully disagrees with those decisions. Moreover, in <u>United States v. Johnny Jacobs</u> (07-50020), the facts of which case are very similar to those of the instant case, District Judge Donald Walter determined that section 2B5.1 was the appropriate guideline. Thus, it has been and continues to be the position of this court that in situations where a defendant bleaches the ink off a legitimate Federal Reserve Note and reprints it in a higher denomination, the resulting counterfeit bill falls within the purview of section 2B5.1

In her motion, the defendant fails to prove by clear and convincing evidence either that this is a substantial question of law, as defined by the Fifth Circuit, or that a reversal or an order for a new trial from such a question is more probable than not. Because she has failed to meet all four factors required by the Fifth Circuit to obtain release on bail pending appeal, her motion must be denied.

Accordingly; **IT IS ORDERED** that the motion for release on bail pending appeal be and is hereby **DENIED**.

**THUS DONE AND SIGNED** at Shreveport, Louisiana this 8th day of February, 2008.

JUDGE TOM STAGG