UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF LOUISIANA

SHREVEPORT DIVISION

UNITED STATES

versus

ALICIA A. DISON

CRIMINAL NO. 07-50072-04

JUDGE TOM STAGG

## MEMORANDUM ORDER

This matter comes before the court on remand from the United States Court of Appeals for the Fifth Circuit. See Record Document 91. Defendant Alicia A. Dison ("Dison") originally filed a "Motion For Defendant To Remain Free On Her Own Recognizance Pending Appeal" in this court. See Record Document 75. This court denied the motion, finding that Dison's motion failed to raise a substantial issue of law, one of the requirements for release pending appeal. In the remand, the Fifth Circuit stated, "In light of *Smith*, *Schrekengost*, and *Inclema*, and because the Fifth Circuit has yet to decide the issue of whether [section] 2B1.1 or [section] 2B5.1 governs an offense involving the bleaching and reprinting of currency, Dison has shown that her appeal presents a substantial issue of law." Record Document 91 at 3-4. Thus, the Fifth Circuit remanded the case "for a determination of whether, if

[section] 2B1.1 applies and gives Dison a Guidelines range of 0-6 months of imprisonment, Dison is entitled to relief under [section] 3143(b)(1)(B)(iii) or (iv)." Record Document 91 at 4.

As background, on September 27, 2007, the defendant, along with her three co-defendants, pleaded guilty to conspiracy to make, pass, and utter counterfeit Federal Reserve Notes in violation of 18 U.S.C. § 371. On January 3, 2008, Dison was sentenced to fifteen (15) months imprisonment, which sentence was to begin on February 11, 2008. The defendant filed a timely notice of appeal of her sentence. On February 4, 2008, she filed the above-referenced motion to remain free on her own recognizance pending disposition of her appeal by the Fifth Circuit, pursuant to 18 U.S.C. § 3143(b). This court subsequently denied that motion, and on February 21, 2008, she filed a notice of appeal of that denial.

Once again, the court recognizes that a defendant does not have a constitutional right to bail after being convicted and sentenced for an offense. See United States v. Williams, 822 F.2d 512, 517 (5th Cir. 1987). Moreover, 18 U.S.C. § 3143(b) establishes a presumption against granting a defendant bail after conviction and sentencing. See id.

The Fifth Circuit has adopted the following four factors that a convicted defendant must establish to obtain release on bail pending appeal: "(1) that the

defendant is not likely to flee or pose a danger to the safety of any other person or the community if released; (2) that the appeal is not for purpose of delay; (3) that the appeal raises a substantial question of law or fact; and (4) that if that substantial question is determined favorably to defendant on appeal, that decision is likely to result in reversal or an order for a new trial of all counts on which imprisonment has been imposed." United States v. Valera-Elizondo, 761 F.2d 1020, 1025 (5th Cir. 1985); see also United States v. Clark, 917 F.2d 177, 179 (5th Cir. 1990). For a defendant to prevail on such a motion, she has the burden of proving all four factors by clear and convincing evidence. See Williams, 822 F.2d at 517.

The first factor in determining if a defendant is eligible for release on appeal is whether the defendant is likely to flee. As noted by the Fifth Circuit, the government filed a response to Dison's motion for release pending appeal on February 6, 2008, in which the government conceded–and the court agreed–that Dison was not a flight risk. However, due to recent developments, the court now considers Dison to be a considerable flight risk.

Dison was allowed to remain on bond prior to and following her sentencing hearing and instructed to self-surrender to a facility designated by the Bureau of Prisons by 2:00 p.m. on February 11, 2008. Dison failed to appear at the appointed time, and a warrant for her arrest was issued. Dison has since been detained and

remains in federal custody. Thus, Dison's failure to appear as ordered indicates to the court that she is highly likely to flee again.

The court is aware of the request by the Fifth Circuit to determine whether Dison is entitled to relief under section 3143(b)(1)(B)(iii) or (iv). Had Dison not failed to appear as ordered, the court had determined that, in light of the Fifth Circuit's finding that a substantial issue of law exists, she would be entitled to relief under section 3143(b)(1)(B)(iv). A defendant may be granted relief under section 3143 (b)(1)(B)(iv) if the substantial question of law is likely to result in "a reduced sentence to a term of imprisonment less than the total of the time already served plus the expected duration of the appeal process."

In this case, as determined by the Fifth Circuit, the substantial question of law concerns the application of the appropriate sentencing guideline. If the court had determined that section 2B1.1 was the appropriate guideline under which Dison should be sentenced, the applicable guideline range for her offense would be 0-6 months. The court notes that Dison was sentenced under section 2B5.1, which resulted in an applicable guideline range of 18-24 months. However, in its discretion, the court departed below the guidelines and sentenced her to 15 months in prison. Based on this prior ruling, in which the court departed below the guideline range, it is likely that the court would have sentenced Dison to the low end of the applicable

4

guideline range under section 2B1.1. Thus, the court finds that Dison would likely have received a reduced term of imprisonment less than the total time served plus the expected duration of the appeal process. The appeal process often takes several months, and under section 2B1.1, Dison would only be facing a 0-6 month sentence, most likely in the lower range of the guidelines.[1]

However, because Dison has failed to show by clear and convincing evidence that she does not pose a flight risk, she still fails to meet all four factors required by the Fifth Circuit to obtain release on bail pending appeal. Therefore, her motion must be denied. Accordingly;

**IT IS ORDERED** that the motion for release on bail pending appeal (Record Document 75) be and is hereby **DENIED**.

**THUS DONE AND SIGNED** at Shreveport, Louisiana this 2nd day of April, 2008.

JUDGE TOM STAGG

---

[1] Because the court finds that relief under section 3143(b)(1)(B)(iv) would have been appropriate, the court does not reach the question of whether it is likely, applying section 2B1.1, that Dison would have received a sentence that does not include a term of imprisonment.